IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WALTON JOHN ALEXANDER, §
                       §
        Petitioner,    §
                       §
v.                     §   No. 4:17-CV-440-A
                       §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional  §
Institutions Division, §
                       §
        Respondent.    §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Walton John Alexander, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as an unauthorized successive petition. No service has issued upon respondent.

**I. Factual and Procedural History**

In August 1997 petitioner was convicted in Erath County, Texas, Case No. 10295, of indecency with a child and sentenced to

75 years' confinement.[1] Petitioner has filed two prior federal habeas petitions in this court challenging the same conviction and/or sentence. Pet., Alexander v. Quarterman, No. 4:07-CV-678-Y, ECF No. 1; Pet., Alexander v. Davis, No. 4:16-CV-1062-O.

## II. Issues

In three grounds for relief, petitioner raises the following claims:

➢ His 75-year sentence is void and illegal as it exceeds the maximum allowed by state statute;

➢ The trial court erred by considering the sentence enhancement evidence prior to entry of his plea to the enhancement allegations; and

➢ He was denied effective assistance of trial counsel who failed to present plea offers and to be cognizant of current state statutes and case law.

(Pet. 5-6, ECF No. 1.)

## III. Nature of Suit

Petitioner filed this habeas petition on a form § 2241 petition. Petitioner asserts that § 2241 is the proper vehicle for raising his claims because he is challenging the execution of his sentence, and not the validity of the sentence itself. (Pet., Prayer, ECF No. 1.) Assuming, without deciding, that a § 2241 is

---

[1]The court takes judicial notice of the state court records filed in petitioner's prior federal habeas actions.

properly used by a person in state-custody to attack the manner in which a state sentence is being carried out, rather than the validity of the sentence, petitioner clearly challenges the validity of his conviction and 75-year sentence. *See United States v. Tubwell*, 37 F.3d 175, 177 (1994) (construing a § 2255 motion as a § 2241 petitioner because the petitioner challenged the manner in which his sentence was being executed rather than the validity of his conviction or sentence); *Jimenez v. Director*, No. 9:08-CV-214, 2009 WL 152714, at *2 (E.D.Tex. Jan. 21, 2009) (citing cases). *Cf. In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (providing that the "majority view is that § 2241 habeas petitions from convicted state prisoners challenging the execution of a sentence are governed by § 2254" and concluding that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge execution of a state sentence") (citing cases). A state prisoner may not use the general provisions found in 28 U.S.C. § 2241 to circumvent restrictions applicable to § 2254 actions. *See* 28 U.S.C. § 2254(a); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (addressing a petitioner's attempt to circumvent the

3

restriction on filing successive motions under 28 U.S.C. § 2255); *Williams v. O'Brien*, No. 4:06-CV-834-Y, 2007 WL 60487, at *1 (N.D.Tex. Jan. 5, 2007). Section 2254 specifically governs any constitutional challenge to a state prisoner's state conviction or sentence. Thus, the instant petition is properly characterized as a petition under § 2254.

## IV. Successive Petition

Having so found, 28 U.S.C. § 2244(b) requires dismissal of a second or successive § 2254 petition filed by, or on behalf of, a state prisoner unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

The claims raised herein were or could have been raised in petitioner's earlier petitions.[2] Thus, from the face of the

---

[2] Petitioner raised one or more of the same or similar claims in his "Motion for Vacation of Void Judgment," regarding the validity of his sentence, which was construed as a second habeas petition by this court. The

4

instant petition and court records, it is apparent that this is a successive petition, and petitioner neither asserts nor demonstrates that he has obtained authorization to file the petition from the appropriate court of appeals. Thus, petitioner must seek authorization from the United States Court of Appeals for the Fifth Circuit to file the petition in this court. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition.[3] *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore,

---

petition was transferred to the Fifth Circuit Court of Appeals, where authorization to file a successive § 2254 petition was denied. (Order & USCA J., *Alexander v. Davis*, No. 4:16-CV-1062-O, ECF Nos. 4 & 6.)

[3]Because the court lacks jurisdiction, no ruling is made on petitioner's application to proceed in forma pauperis. (Appl., ECF No. 2.)

it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May 31, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE